IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Kevin Bernard Wilson,<br><br>    Defendant. | CR 21-02898-TUC-RM-BGM<br><br>**MAGISTRATE JUDGE REPORT AND RECOMMENDATION** |

Pending before the Court is a Petition to Revoke Supervised Release (Doc. 171), filed on December 12, 2024. An evidentiary Hearing took place before Magistrate Judge Macdonald on March 4, 2025. *See* Minute Entry 3/4/2025 (Doc. 198). Defendant was present in person, in custody, and assisted by counsel. The Government presented one witness, United States Probation Officer Aniza M. Davis-Richardson and admitted five exhibits into evidence (Exhibits 1, 2, 3, 4, and 5). Kevin Wilson testified on his behalf and admitted one exhibit into evidence (Exhibit 10). Pursuant to LR Crim. 5.1, this matter came before Magistrate Judge Macdonald for an evidentiary hearing and a report and recommendation. *See also* 18 U.S.C. § 3401(i). The Magistrate Judge recommends that the District Judge, after her independent review, find the Defendant did violate certain terms of his Supervised Release.

## I. BACKGROUND

On December 17, 2021, Defendant pled guilty to the felony offense of Conspiracy to Transport Illegal Aliens for Profit. *See* Minute Entry 12/17/2021 (Doc. 74). On June 2, 2022, the District Judge sentenced the Defendant to eighteen (18) months in the Bureau of Prisons, with credit for time served, and three (3) years of supervised release. *See* Judgment (Doc. 124).

On February 21, 2024, a Petition to Revoke Supervised Release was filed (Doc. 132). On April 18, 2024, the Defendant admitted to a violation of his supervised release. *See* Minute Entry 4/18/2024 (Doc. 155). On July 11, 2024, the District Judge revoked the Defendant's supervised release and sentenced the Defendant to five (5) months in the Bureau of Prisons, with credit for time served, and two (2) years of supervised release. *See* Judgment (Doc. 166). On December 12, 2024, a Petition to Revoke Supervised Release was filed alleging violations of the following conditions of Supervised Release:

> <u>Mandatory Condition No. 3, which states:</u> "You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court."
>
> <u>Special Condition No. 2, which states:</u> "You must submit to substance abuse testing. You must not attempt to obstruct or tamper with the testing methods. You must contribute to the cost of testing in an amount to be determined by the probation officer."

Petition for Warrant to Revoke Supervised Release (Doc.171, at 1-2.)

## II. ALLEGATIONS

**Allegation A – Mandatory Condition No. 3**

This condition restricted the use of controlled substances.

The Petition alleges "On October 28, 2024, Wilson submitted a urine sample that tested positive for the presence of cocaine as evidenced by laboratory results from the New Mexico U.S. Probation and Pretrial Services Drug Laboratory. Grade C violation. §7B1.1(a)(3)."

**Allegation B – Special Condition No. 2**

This condition required substance abuse testing. The Petition alleges "On August 12, 2024, Wilson was directed, in writing, to participate in the random urinalysis program at AverHealth. Wilson failed to appear for random urine drug testing on the following dates: August 26, 2024, September 6, 2024, October 8, 2024 and on November 18, 2024. Grade C Violation §&B1.1(a)(3). Revocation is mandatory 18 U.S.C. 3583(g)."

## III. DISCUSSION

**Allegation A – Mandatory Condition No. 3**

The government moved to dismiss Allegation A, without objection. (Doc. 196). The motion to dismiss Allegation A was granted, with the District Judge's permission. *See* Minute Entry 2/28/2025 (Doc. 197).

**Allegation B – Special Condition No. 2**

This condition required the Defendant to submit to substance abuse testing.

On December 17, 2021, Mr. Wilson pled guilty to the felony offense of Conspiracy to Transport Illegal Aliens for Profit. He was sentenced to eighteen (18) months in the Bureau of Prisons, with credit for time served, and placed on Supervised Release for a term of three (3) years.

On February 21, 2024, a Petition to Revoke Supervised Release was filed. On April

1   18, 2024, Mr. Wilson admitted to a violation of his supervised release. On July 11, 2024,
2   Mr. Wilson was sentenced to five (5) months in the Bureau of Prisons, with credit for time
3   served, and two (2) years of supervised release.

4   On December 12, 2024, the present Petition to Revoke Supervise was filed.

5   Mr. Wilson was released from prison in July 2024 following his sentence for the original supervised release violation. After he was released from prison met with United States Probation officer Daniel Moreno. On July 29, 2024 United States Probation Officer Aniza Davis-Richardson, an Intensive Supervision Specialist, took over the supervision of the Defendant.

10  Ms. Davis-Richardson met with the Defendant on August 12, 2024. She reviewed with the Defendant his original Judgment of June 2, 2022. Ms. Davis-Richardson also reviewed the Judgment and Commitment Revocation of Supervised Release of July 11, 2024, with the Defendant, and both Ms. Davis-Richardson and the Defendant initialed this document. Ms. Davis-Richardson testified she went over the conditions of supervised release with Mr. Wilson, and he confirmed he understood these conditions. *See* Exhibit 2.

16  Because of the prior history of substance abuse, and to comply with the requirements of Standard Condition Number 2, Mr. Wilson was put on "Color Line Testing" and he was instructed to contact AverHealth for random urinalysis testing. *See* Exhibit 3. The documentation for AverHealth was initialed by both Ms. Davis-Richardson and Mr. Wilson and he was told to report to AverHealth on August 14, 2024, for his PIN. The two locations for AverHealth and the hours of operation were provided to the Defendant.

23  Ms. Davis-Richardson received an email from AverHealth that Mr. Wilson failed to appear for random urine drug testing on August 26, 2024. On August 27, 2024, the Defendant texted Ms. Davis-Richardson and told her he missed the testing because he overslept. She told him not to miss it again.

27  On September 6, 2024, the Defendant again failed to appear for random urine drug testing. At that time, he said he had misplaced his PIN or lost his phone. Ms. Davis-

Richardson instructed the Defendant to report for a non-compliance meeting.

On September 12, 2024, the non-compliance meeting took place. The Defendant was reminded he needed to comply with Special Condition Number 2. An Abbreviated Violation Report – No Court Action Recommended was provided to the District Judge. Ms. Davis-Richardson wanted to continue to work with the Defendant.

On October 8, 2024, the Defendant failed to appear for random urine drug testing. He said he was at school late and by the time he got to AverHealth the facility was closed. Ms. Davis-Richardson again told the Defendant this was not excuse for missing the test.

On November 18, 2024, the Defendant again failed to appear for random urine drug testing. The Defendant again blamed his school schedule, as well as personal and transportation issues. After the fourth missed test, revocation was mandatory.

Mr. Wilson testified he did provide many tests that were negative. He also had to drug test for school, where he was training to be a CDL driver. He also told Ms. Richardson he would come into office to test, but she explained to him this testing would not be random testing as was required by his conditions of supervision. He also expressed confusion as to which AverHealth facility to go to for his testing, although this was explained to him by Ms. Davis-Richardson.

To Mr. Wilsons' credit he did have several negative drug tests, was attending school full time and completed the Relapse Prevention Program at Community Bridges. It also appears Ms. Davis-Richardson did her best in trying to help Mr. Wilson, but he failed to appear for the random urine drug testing, on four occasions, which he was required to do as a condition of his supervised release.

The Magistrate Judge finds by a preponderance of the evidence that the Defendant did violate Special Condition No. 2 of his supervised release.

**IV. RECOMMENDATION**

Based on the foregoing and pursuant to 28 U.S.C. §636 (b) and 18 U.S.C. §3401 (i), the Magistrate Judge **RECOMMENDS** that the District Judge, after an independent

review of the record, finds as follow:

    1) Allegation A (Mandatory Condition No. 3) is dismissed;

    2) The Defendant did violate Special Condition No. 2 (Allegation B);

Pursuant to 28 U.S.C. §636 (b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections with fourteen (14) days after being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CR 22-02898-TUC- RM**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. 59 may result in waiver of the right of review.

Dated this 5th day of March 2025

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge